FILED'09 MAY 05 15:52 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEAN E. SANDERS,      CV 07-1744-TC

        Plaintiff,      FINDINGS AND
RECOMMENDATION

   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

COFFIN, Magistrate Judge:

## BACKGROUND

Plaintiff brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits. The court has jurisdiction under 42 U.S.C. § 405(g).

Plaintiff filed an application for a period of disability beginning November 1, 2003 and ending in September 2005. See TR. 34, TR 101, TR 373, TR 509. The ALJ originally found plaintiff not disabled after a hearing. The Appeals Council

1 - FINDINGS AND RECOMMENDATION

vacated that decision and remanded the matter for consideration of a lay witness statement from plaintiff's husband. The ALJ had a supplemental hearing and again found plaintiff not disabled from November 1, 2003 through the date of the ALJ's decision. Tr. 40. It is worth noting that plaintiff had successful back surgery between the time of the two hearings.

Plaintiff was born in 1949 and has thirteen years of education. She had past relevant work as a receptionist, administrative clerk and secretary. Plaintiff alleges disability based on lumbar degenerative changes with spondylolisthesis and chronic low back pain.

On appeal to this court, plaintiff contends, among other things, that the ALJ erred by (1) improperly rejecting plaintiff's testimony; (2) improperly rejecting lay witness testimony; and (3) improperly rejecting the opinion of a physician .

As discussed below, the Commissioner's decision should be reversed and remanded for an award of benefits.

## STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Each

3 - FINDINGS AND RECOMMENDATION

step is potentially dispositive. The claimant bears the burden of proof at steps one through four. See Tacket v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner, at step five, to identify jobs existing in significant numbers in the national economy that the claimant can perform. Id.; see also 20 C.F.R. § 404.1560(c)(2).

Here, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the decision; see 20 C.F.R. § 405.1520(b).

At step two, the ALJ found that plaintiff has lumbar degenerative changes with spondylolistesis and chronic low back pain, status-post L4-5 instrumented fusion and that the impairment is severe; see 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that plaintiff's impairments did not meet or equal the requirements of a listed impairment ; see 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ assessed plaintiff with the residual functional capacity (RFC) to:

> to lift and carry 20 pounds occasionally and 10 pounds frequently. She can sit, stand and walk 6 hours each in an eight hour work day, limited to one hour per position at a time, with a sit/stand option every 15 minutes to one hour. She must have the freedom to walk around the entire work area, not only her immediate work station.... She has no other significant limitations.

TR 37; see 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567.

4 - FINDINGS AND RECOMMENDATION

At step four the ALJ found that plaintiff was able to perform her past relevant work as a receptionist, administrative clerk, and as a secretary ; see 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f). Because the ALJ found plaintiff not disabled at step four, she did not continue with the sequential evaluation to step five.

## DISCUSSION

I.  **The ALJ Improperly Rejected Plaintiff's Testimony** .

### A. **Plaintiff's Testimony**

Plaintiff testified at her first hearing in February of 2005 that she is unable to lift more than about 8 pounds; that she needs to lay on the floor several times per day to relieve symptoms; that she is unable to complete a workweek without absences related to pain; and that she is unable to sit or stand for greater than an hour at a time.

Plaintiff testified in her second hearing in February 2006 that her back surgery in May 2005 was successful and that there is no reason she could not work at the time of the hearing and that she was currently looking for office work. [1]

---

[1] Plaintiff reported in June of 2006 that she was working part-time.

5 - FINDINGS AND RECOMMENDATION

## B. The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting Plaintiff's Testimony

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for rejecting her testimony regarding her symptoms.

If the claimant produces objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ must assess the credibility of the claimant regarding the severity of symptoms. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996); Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986).

In assessing a claimant's credibility the ALJ may consider: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) the objective medical evidence; (5) the location, duration, frequency, and intensity of symptoms; (6) precipitating and aggravating factors; (7) the type, dosage, effectiveness, and side effects of any medication; and (8) treatment other than medication. See Smolen, 80 .3d at 1284; see also SSR 96-7p.

6 - FINDINGS AND RECOMMENDATION

The ALJ may not reject a claimant's testimony about the severity of his symptoms solely because it is not corroborated fully by objective medical findings. <u>Cotton</u>, 799 F.2d at 1408. The ALJ may reject the claimant's testimony regarding the severity of her symptoms only by providing clear and convincing reasons for doing so. <u>Dodrill v. Shalala</u>, 12 F.3d 915, 918 (9th Cir. 1993); <u>Smolen</u>, 80 F.3d at 1283.

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce some degree of the symptoms described. Thus, absent evidence of malingering, the ALJ was required to provide "clear and convincing" reasons for concluding that "claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." Tr. 27, <u>Smolen</u>, 80 F.3d at 1283. The ALJ does not mention malingering in her opinions and, as discussed below, the rejection of plaintiff's testimony regarding the severity of her symptoms is not supported with clear and convincing reasons.

Defendant argues that plaintiff's activities were inconsistent with her claimed limitations. The ALJ noted plaintiff's activities, particularly that plaintiff reported on a form that she did a one and one-half hour work out 3-4 times per week at a gym. However, in answering the same question on the form, she also reported engaging in biking and scuba diving.

7 - FINDINGS AND RECOMMENDATION

As noted by the ALJ at the hearing, plaintiff clarified in the next question on the form that she had given up biking and scuba diving. She explained at her first hearing that she must have misinterpreted the first question and that she had to also give up the work-outs and that she had not belonged to a gym in years. TR 481. In a form dated April 15, 2004, plaintiff's husband stated that plaintiff "had to stop going to the gym." Exhibit 8E:6, TR 144. This statement was not addressed in either of the ALJ's decisions. Plaintiff's activities are not a convincing reason to reject plaintiff's testimony in the circumstances of this case.

    Defendant next argues that plaintiff's conservative treatment was inconsistent with her back pain allegations. However, Plaintiff adequately explains her use of a back brace and use of certain medications over others. See p.p. 15-16 of Plaintiff's Opening Brief(#15). Even more persuasive is plaintiff's argument that it is clear her earlier recommended treatment failed and she subsequently required back surgery to correct her spinal condition and its symptoms. Plaintiff's treatment is not a convincing reason to reject plaintiff's testimony in the circumstances of this case.

    Defendant argues plaintiff's testimony regarding her back pain and need to lie on the floor was not consistent with the information she shared with medical providers. However,

8 - FINDINGS AND RECOMMENDATION

defendant also notes that plaintiff did tell one of her physicians this information and consistently reported general pain and frustration with her limitations to her chiropractor, massage therapist and orthopedic spine surgeon. Plaintiff testified that she did not report her need to lie down to each doctor because she had been told the doctors had done everything they could to improve her condition and she felt no need to reiterate her specific concerns at each appointment. Tr. 491. Dr. Parvin noted in April of 2004 that plaintiff was to inform him when she was no longer able to live with her symptoms, and, at that point, surgery would be considered. Tr. 215-216. This is exactly what plaintiff did in 2005. Plaintiff's actions were consistent with the instructions of her doctor. The information plaintiff shared with her medical providers is not a convincing reason to reject plaintiff's testimony in the circumstances of this case.

**II.   This Action Should Be Remanded for an Award of Benefits**

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is

appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989).

Improperly rejected evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman v. Apfel,* 211 F.3d at 1178 citing *Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir. 1996). Of course, the third prong of this test is actually a subpart of the second. See *Harman,* 211 F.3d at 1178 n. 7.

As discussed above, the ALJ failed to provide legally sufficient reasons for rejecting the testimony of plaintiff. It was plaintiff's testimony regarding laying down and work absences that caused the vocational expert to provide an opinion(rejected by the ALJ) that plaintiff cannot perform any work in the economy. TR. 498. Such opinion was offered in response to a vocational hypothetical based on plaintiff's testimony that the ALJ formulated and posed to the vocational expert. Id.

10 - FINDINGS AND RECOMMENDATION

As such, it is clear from the record that the ALJ would be required to find the plaintiff disabled for the applicable period if the testimony of plaintiff were credited. There are no outstanding issues that must be resolved before a determination of disability can be made.

All of defendant's other arguments have been considered and found unpersuasive.

## CONCLUSION

Based on the foregoing, the Commissioner's decision should be reversed and remanded for an award of benefits for the applicable period pursuant to sentence four of 42 U.S.C. §405(g).

DATED this 5t day of May, 2009.

_____
Thomas Coffin
United States Magistrate Judge